UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENEDETTO L.,

                          Plaintiff,

              v.

ANDREW M. SAUL, Commissioner of
  Social Security,

                        Defendant.

_____

**DECISION**
**and**
**ORDER**

**19-CV-1284F**
(**consent**)


APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                        Attorneys for Plaintiff
                        KENNETH R. HILLER, and
                        CORINNE MARIE MANFREDI, of Counsel
                        6000 North Bailey Avenue
                        Suite 1A
                        Amherst, New York  14226

                        JAMES P. KENNEDY, JR.
                        UNITED STATES ATTORNEY
                        Attorney for Defendant
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, New York  14202
                              and
                        PADMA GHATAGE, and
                        QUINN NIBLACK DOGGETT
                        Special Assistant United States Attorney, of Counsel
                        Social Security Administration
                        Office of General Counsel
                        26 Federal Plaza
                        Room 3904
                        New York, New York  10278

## JURISDICTION

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 13).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 17, 2020 (Dkt. 8), and by Defendant on May 15, 2020 (Dkt. 11).

## BACKGROUND

Plaintiff Benedetto L. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on July 20, 2016, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges he became disabled on June 13, 2016, based on left knee impairment resulting from a head-on car collision in 2009, PTSD attributed to having been molested as a child in 2015, depression since 2015, back and hip pain since 2005 rendering him unable to lift, twist or stand, and insomnia from back and hip pain.  AR[1] at 17, 280, 308, 315. Plaintiff's applications initially were denied on October 26, 2016, AR at 17, 161-184, and at Plaintiff's timely request, AR at 203-04, on September 14, 2018, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Stephan Bell ("the ALJ"), AR at 32-59 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Jeanne Murray, Esq., and vocational expert Sugi Komarov ("the VE").

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed on December 18, 2019 (Dkt. 6).

On October 11, 2018, the ALJ denied Plaintiff's claims, AR at 14-31 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council.  AR at 261-65.  On July 25, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR at 1-7, thereby making the ALJ's decision the Commissioner's final determination on the claim.  On September 20, 2019, commenced the instant action seeking judicial review of the ALJ's decision.

On February 17, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum").  On May 15, 2020, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 11-1) ("Defendant's Memorandum").  Filed on June 5, 2020 was Plaintiff's Response to Commissioner's Memorandum in Support (Dkt. 12) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


## FACTS[2]

Plaintiff Benedetto L. ("Plaintiff"), born December 11, 1985, was 30 years old when he applied for disability benefits on June 13, 2016, and 32 years old as of October 11, 2018, the date of the ALJ's decision.  AR at 27, 280, 308, 315.  Plaintiff attended

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

high school in regular classes through 10th grade, but has not obtained a GED nor completed any type of specialized job training or vocational school.  AR at 316. Plaintiff's work history includes as an apple packer, driver, landscaper, roadside assistance (towing), and temporary employee.  AR at 316.  Plaintiff last worked on June 13, 2016, and asserts he stopped working because of his condition.  AR at 316.

Plaintiff lives with his girlfriend and her three children in a trailer.  AR at 39, 49, 323.  Plaintiff daily prepares simple meals and does house and yard work including washing dishes, cleaning, taking out the garbage and mowing the lawn.  AR at 325. Plaintiff goes outside every day and has a driver's license but no vehicle so for transportation Plaintiff rides in a car or uses public transportation.  AR at 326.  Plaintiff shops in stores for groceries once a week.  AR at 326.  Plaintiff can handle his finances. AR at 327.  Plaintiff spends his days watching television, and playing video games, and reports no problems getting along with family, friends, neighbors, or others, AR at 327-28, as well as bosses, teachers, police, landlords or others in authority.  AR at 330.

It is undisputed that Plaintiff has a history of left knee pain and various mental health impairments.  On February 2, 2016, Plaintiff underwent left knee arthroscopy and partial medial meniscectomy for left knee pain, performed by orthopedic surgeon Geoffrey A. Bernas, M.D. ("Dr. Bernas") of UBMD Orthopaedics & Sports Medicine ("UBMA").  AR at 459-61.  Plaintiff again sought treatment for his left knee after stepping in a hole while mowing the lawn, twisting his knee, and after examining Plaintiff, Dr. Bernas opined Plaintiff could perform light work but should avoid activities involving twisting and pivoting, and cutting the grass.  AR at 472-73.  For several years Plaintiff engaged in mental health treatment at Horizon Health Services for PTSD, unspecified

depressive disorder, and unspecified anxiety disorder, but on February 17, 2016, was discharged from further treatment because of noncompliance with attendance and has not since sought mental health treatment elsewhere.  AR at 437-48.  On April 28, 2017, Plaintiff established primary care at St. Vincent Health Center ("St. Vincent"), in Buffalo, New York.  AR at 521-38.

In connection with his disability benefits applications, on September 13, 2016, Plaintiff underwent a psychiatric evaluation by psychologist Gregory Fabiano, Ph.D. ("Dr. Fabiano"), AR at 505-08, and an Internal Medicine Examination by David Brauer, M.D. ("Dr. Brauer"), AR at 510-13.  On October 25, 2016, state agency review consultant Abiola Dipuelo, M.D. ("Dr. Dipuelo") completed an Electronic Request for Medical Advice based upon a review of the available evidence pertaining to Plaintiff's physical and mental impairments.  AR at 514-19.

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g); 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

## 2.      Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through September 30, 2016, AR at 19, Plaintiff has not engaged in SGA since June 13, 2016,[4] his alleged disability onset date ("DOD"), *id*., and has the severe impairments of left knee status post arthroscopy and open reduction and internal fixation, mental impairments variously diagnosed as post-traumatic stress disorder, unspecified depressive disorder, unspecified anxiety disorder, cannabis use disorder, and chronic pain syndrome, *id*. at 19-20, but that Plaintiff has not received any specialized treatment for other impairments mentioned in Plaintiff's medical records, including sciatic of the left side, mild degenerative joint disease of the right knee and femoral acetabular impingement syndrome of the left hip, such that the conditions are nonsevere, *id*. at 20, and Plaintiff does not have an impairment or combination of impairments, both severe and nonsevere, meeting or medically equal in severity to a listed impairment.  AR at 20-21.  The ALJ further found that despite Plaintiff's impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can lift, carry, push and pull up to 20 lbs. occasionally and up to 10 lbs. frequently, sit for up to six hours in an 8-hour day, stand and walk for up to six hours in an 8-hour day, can never climb ladders, ropes or scaffolds, can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, work at unprotected heights and around moving mechanical parts, and operate a motor vehicle as a job duty, and based on his mental impairment, is limited to performing simple, routine, and repetitive tasks and making simple work-related decisions, can occasionally interact with supervisors and coworkers, but should have no

---

[4] The ALJ observed that Plaintiff did engage in some work after the alleged DOD, but that Plaintiff's earnings from such activity were beneath the threshold for SGA.  AR at 19.

interaction with the public.  *Id*. at 21-26.  Plaintiff has no PRW rendering moot the issue

of transferability of skills, but, given Plaintiff's age, limited education, ability to

communicate in English, and RFC is able to perform jobs existing in significant numbers

in the national economy including as a photocopy machine operator, marker, and office

helper.  AR at 26-27.  As such, the ALJ found Plaintiff was not disabled as defined

under the Act at any time through the date of the ALJ's decision.  *Id*. at 27.

In support of his motion, Plaintiff argues the ALJ's RFC determination does not

reflect a consideration of the opinions to which the ALJ assigned great weight.

Plaintiff's Memorandum at 8-14.  In opposition, Defendant argues the ALJ's RFC finding

is supported by substantial evidence in the record.  Defendant's Memorandum at 7-12.

In reply, Plaintiff deemed no further argument was necessary and relies on his original

argument.  Plaintiff's Reply at 1.  There is no merit to Plaintiff's argument.

With regard to Plaintiff's mental impairments, the ALJ gave "great weight" to the

opinion of Dr. Fabiano who, following a psychiatric evaluation of Plaintiff on September

13, 2016, found Plaintiff with cooperative demeanor and responsiveness to questions,

and adequate manner of relating, social skills, and overall presentation.  AR at 25 (citing

AR at 506).  In his Medical Source Statement, Dr. Fabiano found Plaintiff with no

limitations in his ability to follow and understand simple directions and instructions,

perform simple tasks independently, maintain a regular schedule, learn new tasks, and

perform complex tasks independently, and make appropriate decisions, but moderately

limited in his ability to maintain attention and concentration, relate adequately with

others, and appropriately deal with stress.  *Id*. (citing AR at 508).  Based on the

"moderate" limitations Dr. Fabiano found, the ALJ limited Plaintiff to work involving only

"simple, routine, and repetitive tasks and making simple work-related decisions.  He can occasionally interact with supervisors and coworkers, but should have no interaction with the public."  AR at 22.  Plaintiff maintains his "moderate limitations" as found by Dr. Fabiano are not sufficiently accommodated by the nonexertional limitations to light work the ALJ included in the RFC determination, but courts within the Second Circuit have found such nonexertional limitations the ALJ included in Plaintiff's RFC pertaining to Plaintiff's mental impairments ("mental RFC") consistent with the moderate limitations found by Dr. Fabiano.  *See Grega v. Berryhill*, 2019 WL 2610793, at *12 (W.D.N.Y. June 26, 2019) (finding that where consultative examiner found plaintiff remained capable of following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, performing complex tasks independently without supervision, making appropriate decisions, and relating adequately with others, the ALJ appropriately accounted for the plaintiff's moderate stress-based limitations by limiting the plaintiff to simple routine tasks, with no interaction with the general public and only occasional interaction with co-workers), *aff'd sub nom. Grega v. Saul*, 816 F. App'x 580 (2d Cir. 2020); *Wright v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. 2017) (although consultative examiner opined plaintiff had mild to moderate limitations in appropriately dealing with stress, he was nonetheless able to perform simple, routine work and therefore the court could not conclude "a reasonable factfinder would have to conclude" that plaintiff lacked the ability to perform in accordance with the mental RFC as the ALJ determined (*citing Brault*, 683 F.3d at 448)).  Further, in the instant case, a plain review of the ALJ's decision establishes the ALJ did not simply rely on Dr. Fabiano's medical

source statements, but also on the other evidence in the record pertaining to Plaintiff's

mental health, including that despite being diagnosed with PTSD, unspecified

depressive disorder, and unspecified anxiety disorder, Plaintiff has not engaged in any

mental health treatment since before the alleged DOD of June 13, 2016, having been

discharged on February 17, 2016, from treatment at Horizon Health for noncompliance

with attendance, and has not sought treatment elsewhere.  AR at 25 (citing AR at 448).

At subsequent medical appointments, Plaintiff's mental status examinations on June 17,

2016 and July 25, 2016, were normal with Plaintiff alert and oriented in all three

spheres, with normal mood and affect.  AR at 25 (citing AR at 473, 502).  Upon

establishing primary care at St. Vincent on April 28, 2017, Plaintiff denied symptoms of

depression, feeling down, or hopelessness.  *Id*. (citing AR at 530).  At subsequent

appointments at St. Vincent, Plaintiff had appropriate mood and affect.  *Id*. (citing AR at

524 (September 13, 2017); 522 (December 1, 2017)).  As such, the ALJ did not, as

Plaintiff argues, "fail[ ] to provide *any* rationale, detailed or otherwise, to explain how

stress or attention/concentration limitations were factored into the RFC, given the

opined moderate limitations," Plaintiff's Memorandum at 13 (italics in original), and the

mental impairment portions of the ALJ's RFC determination is supported by substantial

evidence in the record.

    With regard to Plaintiff's physical RFC for light work, Plaintiff maintains that

despite affording "great weight" to Dr. Brauer's medical source statement rendered in

connection with the September 13, 2016 consultative examination of Plaintiff, the ALJ's

RFC determination does not include any walking, standing or sitting limitations, nor any

squatting limitations as found by Dr. Brauer.  Plaintiff's Memorandum at 10.  As

relevant, Dr. Brauer's medical source statement includes "mild limitations" in Plaintiff's ability to sit or stand for extended periods of time as well as to walk for long distances or to climb, and to perform activities requiring full or repetitive squatting. AR at 513. As formulated by the ALJ, Plaintiff's physical RFC included that Plaintiff could sit, stand, or walk for six hours in an 8-hour workday, and could occasionally crouch. AR at 21-22. As defined in the regulations, "light work" involves "a good deal of walking or standing," or "sitting most of the time." 20 C.F.R. § 404.1567(b). Further, an RFC determination that a disability claimant can perform "light work" has repeatedly been found consistent with a "mild" limitation to sitting, standing, and walking. *See*, *e.g.*, *Harrington v. Colvin*, 2015 WL 790756, at * 13-15 (W.D.N.Y. Feb. 25, 2015) (ALJ's holding the claimant could sit, stand and walk for six hours in an 8-hour workday was consistent with the medical opinion of record that the claimant was moderately limited in his ability to walk for prolonged periods (citing cases); *Adamski v. Barnhart*, 404 F.Supp.2d 488, 493 n. 4 (W.D.N.Y. 2005) (noting the ALJ's determination the claimant had the RFC for light work was consistent with medical opinion that the claimant has a mild limitation to standing and walking which the claimant could only do for six hours in an 8-hour workday). Furthermore, the ability to "squat" has been considered the same as the ability to "crouch," as is evident from the cases that use the terms interchangeably, *see*, *e.g.*, *Kristen B. v. Comm'r of Soc.Sec.*, 2021 WL 950509, at *8 (N.D.N.Y. Mar. 12, 2021) (observing two medical opinions assessing the claimant's ability to "crouch/squat"); *James B. v. Saul*, 2021 WL 615855, at * 3 (W.D.N.Y. Feb. 17, 2021) (examining physician opining the claimant can "rarely crouch/squat"). *See also Crouch Synonym*, Thesaurus.com, http://thesaurus.com (last visited Mar. 23, 2021) (listing "squat" among

12

the "most relevant" synonyms for "crouch").  As such, by limiting Plaintiff to only occasionally crouching, the ALJ incorporated Dr. Brauer's opinion that Plaintiff's ability to perform activities requiring "full or repetitive squatting" was mildly limited.  Dr. Brauer's finding that Plaintiff had "mild limitations" to extended walking, standing, and sitting, as well as for full or repetitive squatting were thus accounted for by the ALJ's limiting Plaintiff to only engaging in such activities for, at most, 25% of an eight-hour work day.

In short, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Id*., 523 Fed.Appx. at 59 (italics in original).

Accordingly, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence in the record.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion

(Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        March 23rd, 2021
              Buffalo, New York